UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JAMES KENNETH MCCALLUM,<br><br>                      Plaintiff,<br>v.<br><br>DR. NAUGHTON, *et al.*,<br><br>                      Defendants. | Case No. 3:19-cv-00243-MMD-WGC<br><br>THREE STRIKES ORDER |

## I.    DISCUSSION

*Pro Se* Plaintiff James Kenneth McCallum submitted a civil rights complaint ("Complaint") pursuant to 42 U.S.C. § 1983 and an application to proceed *in forma pauperis* on May 10, 2019. (ECF Nos. 1-1, 1.) However, on at least three prior occasions, the Court has dismissed civil actions commenced by Plaintiff while in detention as frivolous or for failure to state a claim upon which any relief may be granted.[1]

Pursuant to 28 U.S.C. § 1915(g), "if [a] prisoner has, on [three] or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," he may not proceed *in forma pauperis* and, instead, must pay the full $400.00 filing fee in advance unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

In his complaint, Plaintiff seeks an extra mattress due to compression fractures and

---

[1]*See McCallum v. Thompson*, 2:06-cv-00456-RCJ-RJJ (dismissed as frivolous on May 24, 2006); *McCallum v. Nevens*, 2:13-cv-00962-JAD-NJK (dismissed for failure to state a claim on November 22, 2013); and *McCallum v. Koehn*, 3:16-cv-00658-MMD-VPC (dismissed for failure to state a claim on November 7, 2017). The Court takes judicial notice of its prior records in the above matters.

arthritis from a fall he took over 20 years ago. (*See generally* ECF No. 1-1.) An extra mattress would alleviate his pain. (*Id.*) The Court finds that these allegations fail to plausibly allege that Plaintiff is in imminent danger of serious physical injury. *See Andrews v. Cervantes*, 493 F.3d 1047, 1055–56 (9th Cir. 2007) (holding that the exception to § 1915(g) applies if the complaint makes a plausible allegation that the prisoner faced an ongoing danger of serious physical injury at the time of filing). As such, Plaintiff must pre-pay the $400.00 filing fee in full.

**II. CONCLUSION**

For the foregoing reasons, it is ordered that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is denied.

It is further ordered that this action will be dismissed without prejudice unless Plaintiff pays the $400.00 filing fee in full within 30 days of entry of this order.

It is further ordered that the Clerk of the Court will send Plaintiff two copies of this order. Plaintiff will make the necessary arrangements to have one copy of this order attached to the check paying the filing fee.

It is further ordered that the Clerk of the Court will retain the Complaint (ECF No. 1-1) but will not file it at this time.

DATED THIS 16th day of March 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE